"3. Are plaintiffs the sole surviving heirs at law of Ephraim McNair, who died intestate in Cumberland County in July, 1918? Answer: 'Yes.'"

Judgment on the verdict for plaintiffs, from which the defendants appeal.

*C. M. Walker and Chas. G. Rose for plaintiffs.*
*Bullard & Stringfield and Downing & Downing for defendants.*

PER CURIAM. The controversy on trial narrowed itself to issues of fact, which the jury alone could determine. A careful perusal of the record leaves us with the impression that the case has been heard and determined substantially in agreement with the law bearing on the subject, and that the validity of the trial should be sustained. All matters in dispute have been settled by the verdict, and no action or ruling on the part of the trial court has been discovered by us which we apprehend should be held for reversible or prejudicial error.

It would only be a work of supererogation and repetition to discuss the exceptions, *seriatim,* as they present no new or novel point of law not heretofore settled by our decisions. The verdict and judgment will be upheld.

No error.

---

F. W. MOORE ET AL. v. J. M. CRAWFORD ET AL.

(Filed 1 April, 1925.)

APPEAL by plaintiffs from *Cranmer, J.,* at Chambers, 22 September, 1924, from ALAMANCE.

Civil action to enjoin the defendants from paving Albright Avenue in the town of Graham and from levying an assessment to pay for same as authorized by law. There was a preliminary restraining order issued in the cause, and dissolved on the return day thereof, on the ground that no illegal conduct on the part of the defendants had been shown, or cause for equitable relief established. From the judgment dissolving the temporary restraining order, the plaintiffs appeal.

*J. S. Cook for plaintiffs.*
*W. I. Ward and J. Dolph Long for defendants.*

PER CURIAM. The record presents no legal or reversible error, and hence the judgment of the Superior Court, dissolving the temporary restraining order, issued in the cause, must be
Affirmed.

---

STATE v. JESSE BARBEE.

(Filed 1 April, 1925.)

APPEAL by defendant from *Cranmer, J.,* at December Term, 1924, of DURHAM, upon conviction for a breach of C. S., secs. 4357 and 4358.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*J. W. Barbee for defendant.*

PER CURIAM. Upon examination of the record and the briefs we have concluded that the case has been tried in substantial compliance with the law and that no reversible error has been made to appear.
No error.

---

THE CITIZENS BANK & TRUST COMPANY v. J. J. KNOX, E. C. WOODBURY AND W. E. MAULTSBY, PARTNERS, TRADING AS EL PASO LUMBER COMPANY.

(Filed 8 April, 1925.)

APPEAL by defendants from *Grady, J.,* and a jury, October Term, 1924, NEW HANOVER.

*Wright & Stevens for plaintiff.*
*Herbert McClammy for defendants.*

PER CURIAM. This case was here on appeal and a new trial was awarded defendant, 187 N. C., 565. On the hearing in the court below on the new trial, the issues submitted to the jury and their answers thereto, were as follows:

"1. Did the plaintiff bank exercise due care and diligence in attempting to collect the $500 draft referred to in the answer? Answer: 'Yes.'

"2. What amount, if any, has the plaintiff collected on said $500 draft? Answer: 'Nothing.'